

STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO.

**NORTHEAST DISTRIBUTION SERVICES, LLC,**  )
                                           )
   Plaintiff                 )
                                           )
v.                                         )          **COMPLAINT**
                                           )
**THE NETHERLANDS INSURANCE COMPANY,**     )
                                           )
   Defendant                 )

     NOW COMES Plaintiff Northeast Distribution Services, LLC, by and through its

counsel, Norman, Hanson & DeTroy, LLC, and states the following as its Complaint:

     1.    Northeast Distribution Services, LLC (hereinafter "Northeast") is a limited

liability company organized under the laws of the State of Maine with a principal place

of business in South Portland, Maine.

     2.    The Netherlands Insurance Company (hereinafter "Netherlands") is an

insurance company authorized to conduct the business of insurance in the State of

Maine.

     3.    Northeast owns property and buildings located at 155 Rumery Street in

South Portland, County of Cumberland, State of Maine.  This property includes a

warehouse and packaging facility (hereinafter the "Insured Property").

4.      Netherlands issued a commercial insurance policy with Policy No. CBP 8918193 in effect for the period 5/21/14 to 5/21/15, which policy included property insurance coverage on the Insured Property (hereinafter the "Netherlands Policy").

5.      The Insured Property suffered a collapse loss on February 14, 2015 due to weight of ice and snow and Northeast provided Netherlands with prompt notification of that loss.  This loss claim involved damages to two separate buildings, business personal property and other equipment.

6.      The Netherlands Policy contained a building limit of insurance of $3,371,367 and a business personal property limit of $204,300, with each coverage being subject to an 80% co-insurance requirement.

7.      The Netherlands Policy provided replacement cost coverage for both the building and business personal property with a $1,000 deductible.

8.      In accordance with the Netherlands Policy and Maine law, the "actual cash value" of a loss is the replacement cost less depreciation.

9.      In accordance with the Netherlands Policy, an insured who has elected replacement cost coverage is entitled to recover the lesser of the limit of insurance stated in the policy, the amount actually spent that is necessary to repair or replace the damaged property, or the cost to replace the damaged property with other property "of comparable material and quality".

10.     The building that was damaged was a pre-engineered metal building by Butler Manufacturing.  A Butler building is considered by many to be superior and preferable over a standard construction warehouse building.

11.     Northeast expressed to Netherlands its intention to replace the damaged building with a Butler building and submitted quotes for that work to Netherlands on June 11, 2015.  The material provided to Netherlands included construction quotes from The Sheridan Corporation and Teton West Construction.

12.     Northeast did not receive any communication from Netherlands for several weeks and became concerned because the schedules of the builders who had submitted quotes was filling up and the project needed to be booked very soon if construction would be complete before the upcoming winter.

13.     Northeast communicated the urgency of the matter to Ernie Jordan at the Chalmers Agency, who in turn forwarded that concern to Jeffrey Murdock, the Netherlands adjuster handling the claim.  The July 8, 2015 communication to Netherlands expressly advised them that the replacement cost issue needed to get resolved so construction could start that summer.

14.     Jeffrey Murdock of Netherlands responded by e-mail dated July 13, 2015 that Netherlands and a building consultant retained by it was reviewing the estimate for replacement of the damaged building, and expected an answer within the next few days on pricing.

3

15.     Northeast heard nothing from Netherlands until a month later when Jeffrey Murdock of Netherlands sent an e-mail to Northeast on August 7, 2015 attaching a loss schedule and building replacement estimate from John Magruder of Building Reconstruction and Repair Consultants.  This submission was not a quote from any contractor to actually replace the Butler building with a new Butler building, and was several hundred thousand dollars less than the quotes received by Northeast to actually perform the work to construct a new Butler building.

16.     Another extended time period elapsed without communication from Netherlands.  The adjuster that had been handling the claim left Netherlands and a new adjuster, Daniel Lerch, assumed responsibility for the claim.

17.     Although certain areas of dispute were resolved after Daniel Lerch assumed responsibility for the claim, Netherlands continued to reject the replacement cost quotes Northeast had obtained from two separate contractors, and continued to assert other positions with respect to coverage that Northeast considered to be without merit.

18.     With respect to the business personal property claim, Netherlands took the position that the co-insurance penalty applied so as to reduce the recoverable amount by slightly more than 43% of the total claim.  Netherlands reached this result by including in the "personal property" category various machinery and equipment that

was permanently installed in the building that should have been considered part of the building as defined in the Netherlands Policy.

19.     Netherlands' improper methodology in calculating the co-insurance penalty resulted in withholding the approximate amount of $90,000 owing to Northeast on the personal property claim.

20.     Netherlands also has failed to pay Northeast other amounts owed under the policy, including but not limited to the cost of demolition of concrete and the full actual cash value of the loss to the building.

21.     Northeast is moving forward to replace the building and upon doing so will be entitled to the full replacement cost subject to certain adjustments and limitations relating to code upgrades.

**COUNT I**
**Breach of Contract**

22.     Plaintiff repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23.     Netherlands actions and positions with respect to the replacement cost, actual cash value, and co-insurance penalty issues, and various other aspects of the claim, constitute a breach of contract.

24.     The actions of Netherlands, including but not limited to excessive delays in handling of the claim, constitute a breach of Netherlands' contractual duty of good faith and fair dealing.

25.     As a result of Netherlands' breaches of contract, Northeast has suffered damages in the form of not receiving payments to which it was entitled under the Netherlands Policy and other consequential and compensatory damages, including the forced closure of its business.

WHEREFORE, Northeast respectfully requests that judgment be entered against Netherlands and that it be awarded damages, attorneys' fees and costs as the Court may deem appropriate.

## COUNT II
## Unfair Claims Settlement Practices
## (24-A M.R.S.A. § 2436-A)

26.     Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27.     Netherlands has violated Section 2436-A(1)(A) by knowingly misrepresenting pertinent facts or policy provisions relating to coverage under the Netherlands Policy.

28.     Netherlands has violated Section 2436-A(1)(B) by failing to acknowledge and review claims, which may include payment or denial of a claim, within a reasonable time upon receipt of notice of the claim from Northeast.

29.     Netherlands has violated Section 2436-A(1)(D) by failing to affirm or deny coverage within a reasonable time after having completed its investigation relating to the claim.

6

30.     Netherlands has violated Section 2436-A(1)(E) by failing to effectuate prompt, fair and equitable settlement of Northeast's claim without just cause after liability had become reasonably clear.

31.     As a result of one or more of Netherlands' breaches of Section 2436-A(1), Northeast has suffered damages, including the forced closure of its business, and is entitled to recover all such damages, reasonable attorneys' fees and interest on damages at the rate of 1½% per month.

WHEREFORE, Northeast respectfully requests that this Court enter judgment in favor of Northeast against Netherlands for violations of Section 2436-A and award damages, attorneys' fees and interest as the Court deems appropriate pursuant to that section.

DATED at Portland, Maine, this 28th day of March 2016.

James D. Poliquin (Bar No. 2474)
Attorney for Plaintiff

NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
P. O. Box 4600
Portland, ME  04112-4600
(207) 774-7000